UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BAHIG F. BISHAY,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FINANCIAL<br>CORPORATION, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | M.B.D. No. 24-mc-91591-LTS |

ORDER

November 25, 2024

SOROKIN, J.

Movant Bahig F. Bishay is a frequent *pro se* litigant who has had filing restrictions imposed upon him by this Court as well as the United States District Court for the District of Columbia. *See* Dkt. No. 8, at 1, *Bishay v Ocwen Financial Corporation, et al.*, No. 24-cv-12661-RGS (D. Mass. Oct. 30, 2024).

On November 18, 2024, Bishay submitted his Statutory Demand for Leave to be Granted by the Miscellaneous Business Docket Judge, Dkt. No. 2;  Motion for Statutory Relief Under 28 U.S.C. § 144 and Affidavit of the Relevant Issues, Dkt. No. 3; and Proof of Service of Process Affidavit. Dkt. No. 4.  On November 22, 2024, Bishay filed an Application for Entry of Default accompanied by an Affidavit.  Dkt. Nos. 5 - 6.

The papers are before the undersigned as the miscellaneous business docket judge pursuant to the October 30, 2024 Memorandum and Order, which provides that:

> Bahig F. Bishay is hereby ENJOINED from commencing any new action on the civil docket of this court without obtaining written approval of a judge of this court by filing a written petition seeking leave of court to do so.

Dkt. No. 8, at 9, *Bishay v Ocwen Financial Corporation, et al.*, No. 24-cv-12661-RGS (D. Mass. Oct. 30, 2024). That Memorandum and Order states further that:

> The petition to commence a new action must be accompanied by a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that (1) there is a good-faith basis for their filing; (2) the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, and (3) the claim or claims are not frivolous or levied in bad faith.

*Id.*

That Memorandum and Order stated that, with the exception of a notice of appeal, Bishay shall not file any further documents in [C.A. No. 24-12661]. *Id.* Additionally, Bishay was advised that any petition to commence a new action must be accompanied by payment of the fee to initiate a case on the Miscellaneous Business Docket or a motion for leave to proceed without prepayment of that fee. *Id.*

Here, Bishay has not addressed the filing fee. Also, rather than seek leave to commence a new civil action, Bishay's Motion for Statutory Relief, filed under the pains and penalties of perjury, seeks to have this Court order another judge of this Court to vacate the October 30, 2024 dismissal of *Bishay v Ocwen Financial Corporation, et al.*, No. 24-cv-12661-RGS, as well as recuse himself and proceed no further in C.A. No. 24-12661. Dkt. No. 3. In support of his request for relief, Bishay attaches copies of judicial opinions and a docket sheet from other federal courts. Dkt. No. 2-2. Among other things, Bishay recounts his unsuccessful efforts earlier this month to file pleadings in the closed civil action 24-12661. Dkt. No. 2 at 2. He complains that the clerk "returned to the Plaintiff [such documents]" and "mistakenly" relied on the October 30, 2024 order, which Bishay characterizes as "**STATUTORILY VOID, AB INITIO**, under 28 U.S.C. § 144 (*supra*) and 28 U.S.C. 28 U.S.C. § 455." *Id.*

Here, Bishay seeks to have the undersigned judge act as an appellate judge by reviewing the rulings made in C.A. No. 24-12661. However, this Court is unable to directly review the decisions of another United States District Court judge on appeal. *See* 28 U.S.C. § 1291 ("the courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States"). Similarly, this Court is unable to rule on Bishay's request to have this Court order the recusal[1] of another judge in another case. *See e.g. Fitistics, LLC v. Cherdak*, No. 1:16-CV-0112, 2021 WL 1821723, at *3 (E.D. Va. Apr. 14, 2021) (recognizing that there is "no authority that would allow [a district judge] to 'issue a ruling in a case presided over by another judge in the same district, much less order the recusal of another district court judge in another case'" (citation omitted)).

The Court finds that Bishay has not demonstrated any reason why the proposed pleadings overcome the filing restriction imposed by the October 30, 2024 Memorandum and Order. Bishay insists that the October 30, 2024 Order is void as a matter of law. Although such argument may be made on appeal, it may not be made through this action, which appears to be Bishay's attempt to make an end-run around the rulings made in C.A. No. 24-12661. Several courts have already imposed filing injunctions to address Bishay's pattern of abuse of the judicial process, and the Court finds that the instant attempt to circumvent a judicial ruling is unduly burdening this Court and its staff. Bishay is therefore advised that continued disruptive conduct, by the filing, or attempted filing, of meritless legal pleadings, may warrant the imposition of more severe sanctions including monetary fines.

---

[1] Section 144 requires recusal when a judge has an actual "personal bias or prejudice either against [the party moving for recusal]... or in favor of any adverse party." 28 U.S.C. § 144. Section 455(a) requires that a judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Accordingly, the Statutory Demand for Leave, Dkt. No. 2, and Motion for Statutory Relief, Dkt. No. 3, are DENIED.  This denial is without prejudice to filing an appeal.  In light of this Order, the Clerk is directed to close this action.

    SO ORDERED.

    /s/ Leo T. Sorokin
    Leo T. Sorokin
    United States District Judge